1
2
3
4                                                                    O
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  GILBERT GARCIA,                     )    NO. EDCV 10-01058 MAN
                                        )
12            Plaintiff,                )
                                        )    MEMORANDUM OPINION
13        v.                            )
                                        )    AND ORDER
14  MICHAEL J. ASTRUE,                  )
    Commissioner of Social Security,    )
15                                      )
              Defendant.                )
16  _____)

17

18       Plaintiff filed a Complaint on July 29, 2010, seeking review of the

19  denial of plaintiff's application for a period of disability, disability

20  insurance benefits ("DIB"), and supplemental security income ("SSI").

21  On August 11, 2010, the parties consented to proceed, pursuant to 28

22  U.S.C. § 636(c), before the undersigned United States Magistrate Judge.

23  The parties filed a Joint Stipulation ("Joint Stip.") on April 5, 2011,

24  in which:  plaintiff seeks an order reversing the Commissioner's

25  decision and directing the Commissioner to pay benefits to plaintiff or,

26  alternatively, remanding for a new administrative hearing, awarding

27  plaintiff costs and reasonable attorneys' fees pursuant to the Equal

28  Access to Justice Act, 28 U.S.C.A. § 2412(d), and granting such other

and further relief as this Court may deem just and proper; and the Commissioner requests that his decision be affirmed.   The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On September 6, 2006, plaintiff filed an application for a period of disability, DIB, and SSI.   (Administrative Record ("A.R.") 12.) Plaintiff, who was born on June 16, 1964,[1] claims to have been disabled since September 2, 2002, due to ruptured discs in the neck and back and status post left shoulder surgery.   (A.R. 95, 100; Joint Stip. at 2.) Plaintiff has past relevant work experience as a construction worker. (A.R. 18, 101.)

Plaintiff's claim was denied initially and upon reconsideration (A.R. 12, 55-59, 62-67); plaintiff then requested a hearing (A.R. 68). On April 11, 2008, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge F. Keith Varni (the "ALJ").[2]   (A.R. 21-39.)  On July, 25, 2008, the ALJ conducted

---

[1]   On the alleged disability onset date, plaintiff was 38 years old, which is defined as a younger individual.   (A.R. 19; *citing* 20 C.F.R. §§ 404.1563, 416.963.)

[2]   The Court notes that the hearing documents indicate that "Judge Marney" was the administrative law judge.   (A.R. 21, 40.) However, this appears to be a typographical error.   Plaintiff's request for a supplemental hearing was addressed to Judge Varni, and plaintiff states in that letter that he "appeared before Your Honor at a hearing on April 11, 2008."   (A.R. 141.)

2

another hearing, at plaintiff's request, during which vocational expert Joseph Mooney (the "VE") testified. (A.R. 40-50.) On August 26, 2008, the ALJ denied plaintiff's claim (A.R. 12-20), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-4). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff has not engaged in substantial gainful activity since September 2, 2002, the alleged onset date of his disability. (A.R. 14.) The ALJ determined that plaintiff has a severe impairment of the musculoskeletal system. (*Id.*) The ALJ also determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he is "precluded from activities which require forceful strength and repetitive manipulation with the left upper extremity." (A.R. 15.) The ALJ concluded that, with this RFC and limitations, plaintiff would be unable to perform his past relevant work. (A.R. 18.) However, having considered plaintiff's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ found that plaintiff could perform jobs in the national economy, including counter clerk and rental clerk at a storage facility. (A.R. 19-20.) Accordingly, the ALJ

3

concluded that plaintiff has not been disabled within the meaning of the Social Security Act from September 2, 2002, the alleged onset date, through the date of the ALJ's decision.  (A.R. 20.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

///

4

1    The Court will uphold the Commissioner's decision when the evidence
2    is susceptible to more than one rational interpretation.   Burch v.
3    Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).   However, the Court may
4    review only the reasons stated by the ALJ in his decision "and may not
5    affirm the ALJ on a ground upon which he did not rely."   Orn, 495 F.3d
6    at 630; see also Connett, 340 F.3d at 874.   The Court will not reverse
7    the Commissioner's decision if it is based on harmless error, which
8    exists only when it is "clear from the record that an ALJ's error was
9    'inconsequential to the ultimate nondisability determination.'"  Robbins
10   v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v.
11   Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d
12   at 679.

13

14                              **DISCUSSION**

15

16       Plaintiff makes the following claims:   (1) the ALJ failed to
17   consider properly the opinion of plaintiff's treating physician Carrie
18   Bacon, M.D. regarding plaintiff's inability to work; (2) the ALJ failed
19   to consider properly the opinion of plaintiff's treating physician
20   Khalib B. Ahmed, M.D.; (3) the ALJ did not provide an accurate and
21   complete assessment of plaintiff's RFC; (4) the ALJ did not conclude
22   properly that plaintiff is capable of performing other work; and (5) the
23   ALJ improperly evaluated plaintiff's credibility.   (Joint Stip. at 2-3.)
24   ///
25   ///
26   ///
27   ///
28   ///

                                     5

**I.    The ALJ Failed To Give Clear And Convincing Reasons For Finding Plaintiff's Testimony To Be Not Credible.**

Once a disability claimant produces objective evidence of an underlying impairment that is reasonably likely to be the source of his subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered.  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(*en banc*); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c) (explaining how pain and other symptoms are evaluated).  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."  Robbins, 466 F.3d at 883.  The factors to be considered in weighing a claimant's credibility include:  (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains.  *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a).

Plaintiff testified that he injured his neck, shoulder, and lower back in 2002, when he fell into a 20 foot hole while laying underground pipe.  (A.R. 24.)  The pains in his neck, left shoulder, and back are at a level 10, on a scale of 1 to 10, and cause blackouts.  (A.R. 25, 29, 31.)  He takes Vicodin, Ibuprofen, and Carisoprodol, which take the pain

6

away but make him go to sleep for at least two hours.  (A.R. 28-29, 33.)
He can lift about 5 pounds, sit for up to 45 minutes, stand for up to 45
minutes, and walk for one block.  (A.R. 35-36.)  He cannot lift his left
arm above shoulder level, and he has no strength in his left hand.
(A.R. 29-30.)

The ALJ rejected plaintiff's testimony regarding blackouts, because
"[n]o pathology was established [which] would support his assertions."
(A.R. 17.)  The alleged blackouts were "rebutted by the normal MRI and
MRA (magnetic resonance angiogram of the brain, a normal carotid duplex,
and normal EEG)." (*Id.; citing* A.R. 271, 273, 276, 285-86, 293.)

The ALJ's rejection of plaintiff's testimony regarding his
blackouts was proper.  Plaintiff concedes that the cause of his
blackouts has not been determined (Joint Stip. at 23), and at this time,
there is no objective medical evidence of an underlying impairment that
is reasonably likely to be the source of his claimed blackouts (Moisa,
367 F.3d at 885).

As to plaintiff's remaining subjective complaints, the ALJ made no
specific finding as to whether plaintiff's "severe impairment of the
musculoskeletal system" could reasonably be expected to produce his
complaints.  The ALJ rejected plaintiff's remaining subjective
complaints related to his musculoskeletal system impairment, because:
(1) they were "not documented in the record;" and (2) the alleged level
of pain was "not supported by frequent emergency room treatment." (A.R.
17.)

The ALJ made no specific finding as to whether plaintiff's musculoskeletal impairment could reasonably be expected to produce the symptoms of which he complains. Based on the ALJ's finding that this impairment is severe and the medical record, which includes MRI reports showing disc protrusions, mild to moderate cervical spondylosis, and moderate to severe lumbar spondylosis, it appears that plaintiff's musculoskeletal impairment could reasonably be expected to produce such symptoms. (*See, e.g.,* A.R. 207-08, 274, 282, 292.) The ALJ did not find that plaintiff was a malingerer. Accordingly, the ALJ's reason for rejecting plaintiff's remaining subjective complaints must be "clear and convincing."

The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's subjective complaints. The ALJ's first reason -- *to wit,* that plaintiff's complaints are not "documented in the record" -- is not, by itself, a sufficient reason. While an ALJ may consider the lack of medical evidence supporting subjective complaints, it "cannot form the sole basis for discounting" those complaints. <u>Burch</u>, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis").

The ALJ's second reason for rejecting plaintiff's subjective complaints also is not clear and convincing. The ALJ found that plaintiff's allegation of pain "at the highest level imaginable" is "not supported by frequent emergency room treatment for acute pain." (A.R. 17.) The failure to make frequent emergency room visits does not diminish the credibility of plaintiff's complaints. At his

administrative hearing, plaintiff testified that he takes substantial amounts of prescription medication (1500 milligrams of Vicodin, 600 milligrams of Ibuprofen, and Carisoprodol up to 5 times per day), which take his pain away but make him sleepy. (A.R. 27-28.) In view of the significant pain medication plaintiff takes, his failure to seek "frequent emergency room treatment" does not constitute a clear and convincing reason for rejecting his subjective complaints.

Moreover, although not raised by plaintiff, there is no indication that the ALJ considered the alleged side effects of plaintiff's medications. *See* <u>Erickson v. Shalala</u>, 9 F.3d 813, 817-18 (9th Cir. 1993)(noting that an ALJ must consider all factors, including the side effects of medications, that might have a "'significant impact on an individual's ability to work'")(citation omitted); *see also* Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2-*3, 1996 SSR LEXIS 4, at *7-*8 (noting that the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms should be considered in the disability evaluation); 20 C.F.R. §§ 404.1529, 416.929. As relevant here, plaintiff testified that he takes his medications up to five times per day, and they cause him to sleep for at least two hours. Other than noting that plaintiff takes medication to relieve his pain, there is no evidence that the ALJ considered the side effects of plaintiff's medications and their impact on plaintiff's ability to work. This constitutes error.

Accordingly, because the ALJ failed to consider the alleged side effects of plaintiff's medications and give clear and convincing reasons

for rejecting plaintiff's subjective complaints,[3] as required, the ALJ committed reversible error.

## II.  **The Appeals Council Did Not Consider Plaintiff's Additional Evidence Properly.**[4]

A claimant may submit new and material evidence to the Appeals Council when seeking review of an ALJ's decision.  20 C.F.R. §§ 404.970(b), 416.1470(b).  The Appeals Council shall consider such evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision."  *Id.*  The Appeals Council will then review the case if it finds that the ALJ's action, finding, or conclusion is contrary to the weight of evidence currently of record.  *Id.*  When a claimant has submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, the district court may consider the new evidence, "because the Appeals Council addressed [it] in the context of denying [the claimant's]

---

[3]     The Court notes that the Commissioner presents additional reasons for rejecting plaintiff's subjective complaints, which the ALJ did not provide in his decision.  This Court may not rely on reasons the ALJ did not provide in his decision.  <u>Connett</u>, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts"); <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001)(noting that the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

[4]     Although this issue was not raised directly by plaintiff, plaintiff did claim that the ALJ erred in failing to consider the July 17, 2009 Letter and Questionnaire completed by Dr. Bacon, plaintiff's treating physician.  (Joint Stip. at 5, 16, 18.)  However, plaintiff submitted this additional evidence to the Appeals Council *after* the ALJ issued his decision.  Accordingly, the ALJ's failure to consider evidence that was not available at the time of his decision cannot be deemed to constitute error.  The Court construes plaintiff's argument to be that the Appeals Council failed to consider properly this additional evidence submitted by plaintiff.

1 request for review." <u>Harman v. Apfel</u>, 211 F.3d 1172, 1180 (9th Cir.

2 2000)(*citing* <u>Ramirez v. Shalala</u>, 8 F.3d 1449 (9th Cir. 1993)).

3

4     Although the Ninth Circuit has not addressed this issue

5 specifically, cases within this Circuit provide that the standards for

6 rejecting medical opinions are the same for both the ALJ and the Appeals

7 Council.  *See* <u>Ramirez</u>, 8 F.3d at 1453-54 (finding that the ALJ and

8 Appeals Council erred by failing to provide any reasons, let alone

9 specific and legitimate reasons, for rejecting a treating physician's

10 opinion); <u>Luckett v. Astrue</u>, No. EDCV 09-00037-KJN, 2010 U.S. Dist.

11 LEXIS 102260, *29-*30 (E.D. Cal. 2010)(noting that "[d]ecisions in this

12 Circuit support the proposition that where the Appeals Council considers

13 a treating doctor's opinion submitted after issuance of the ALJ's

14 decision and rejects that opinion or denies review after consideration

15 of that opinion, it must provide reasons for doing so consistent with

16 the standards applicable to the rejection of medical opinions

17 generally").

18

19     The Ninth Circuit has established that, in the hierarchy of

20 physician opinions considered in assessing a social security claim,

21 "[g]enerally a treating physician's opinion carries more weight than an

22 examining physician's, and an examining physician's opinion carries more

23 weight than a reviewing physician's." <u>Holohan v. Massanari</u>, 246 F.3d

24 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(d), 416.927(d).  The

25 opinions of treating physicians are entitled to the greatest weight,

26 because the treating physician is hired to cure and has a better

27 opportunity to know and observe the claimant. <u>Magallanes v. Bowen</u>, 881

28 F.2d 747, 751 (9th Cir. 1989).  When a treating physician's opinion is

1  not contradicted by another physician, it may be rejected only for

2  "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th

3  Cir. 1995)(as amended).  When contradicted by another doctor, a treating

4  physician's opinion may only be rejected only for "specific and

5  legitimate" reasons supported by substantial evidence in the record.

6  Id.

7

8       In connection with plaintiff's request for review of the ALJ's

9  decision, the Appeals Council received and made part of the record

10  additional evidence from plaintiff, including, inter alia, a July 17,

11  2009 Letter and Questionnaire ("Letter and Questionnaire") completed by

12  plaintiff's treating physician Dr. Carrie Bacon, a family medical

13  practitioner.  (A.R. 1-4.)  In her Letter and Questionnaire, Dr. Bacon,

14  who began treating plaintiff in September 2006,[5] noted that plaintiff's

15  diagnoses included:  chronic left shoulder, back, and neck pain; partial

16  rotator cuff tear; degenerative disc disease of the back with disc

17  bulging; hypertension; hyperlipidemia; and visual disturbance with

18  unclear etiology.[6]  (A.R. 298-99.)  In support of her diagnoses, Dr.

19  Bacon cited her clinical findings and plaintiff's laboratory and

20  diagnostic test results.  (A.R. 299-300.)

21  ///

22

23

24  ———————————————

25  [5]    Although Dr. Bacon indicated in her letters that she has
treated plaintiff since December 2006, the record indicates that Dr.
26  Bacon has treated plaintiff since September 2006.  (A.R. 279, 299.)

27  [6]    Dr. Bacon noted that plaintiff's "visual blackouts occur with
neck extension and he has had a negative work up for a vascular or
skeletal etiology for those symptoms.  [Plaintiff] is currently awaiting
28  neurology evaluation."  (A.R. 298.)

Dr. Bacon opined that plaintiff is "greatly limited with his mechanical activities (walking, sitting, reaching, kneeling) due to his symptoms." (A.R. 298.)  Specifically, Dr. Bacon opined that plaintiff: can sit and stand/walk 0-1 hours in an eight hour day; should not sit continuously, needs to "get up and move around" every 15-20 minutes, and can sit again after 30 minutes; can lift 0-10 pounds occasionally, can never lift more than 10 pounds, can occasionally carry 0-5 pounds, and can never carry more than 5 pounds; has significant limitations in doing repetitive reaching, handling, fingering, or lifting; has moderate limitations with his right upper extremity and marked limitations, *i.e.*, essentially precluded, with his upper left extremity in grasping, "using fingers for fine manipulations," and "using arms for reaching (including overhead)." (A.R. 301-03.)  Dr. Bacon noted that plaintiff would need to take unscheduled breaks lasting 20-30 minutes every 2-3 hours. (A.R. 305.)  Dr. Bacon opined, *inter alia*, that plaintiff's symptoms would likely increase in a competitive work environment.  (A.R. 303.) Significantly, she opined that plaintiff's symptoms and above described limitations began in September 2006 (A.R. 302), and plaintiff is "unable to work and physically disabled for the next 12 months" (A.R. 298).

In its decision, the Appeals Council explained that it considered the additional evidence submitted by plaintiff, including Dr. Bacon's Letter and Questionnaire, but found that it "d[id] not provide a basis for changing the Administrative Law Judge's decision." (A.R. 1-4.) However, the Letter and Questionnaire contain Dr. Bacon's opinions regarding plaintiff's limitations and restrictions that had not yet been considered by the ALJ.  This additional evidence is new, material, and related to the period before the ALJ's decision.  As such, the Appeals

13

Council's conclusory rejection of the opinion of plaintiff's treating physician, without providing *any* reason for its rejection, constitutes error.

The Appeals Council's error is not inconsequential.  As an initial matter, when the ALJ considered Dr. Bacon's prior opinions -- *i.e.*, the opinions which preceded the ALJ's decision -- the ALJ did not give significant weight to them, because, *inter alia*,[7] they "[we]re vague [,] d[id] not indicate what [plaintiff] could do despite his impairment," and were not supported by her clinical findings.[8]  (A.R. 18.)  While the ALJ's reasoning could constitute specific and legitimate reasons for rejecting Dr. Bacon's prior opinions, in view of Dr. Bacon's Letter and Questionnaire -- which lend support to her prior opinions, detail what plaintiff can do despite his impairments, and provide additional information about the clinical and objective evidence that support Dr.

---

[7]     The other reason proffered by the ALJ for rejecting Dr. Bacon's opinion -- *to wit*, that Dr. Bacon is not an orthopedic specialist or neurologist -- is unpersuasive.  (A.R. 18.)  The fact that a treating physician is not a specialist in orthopedics or neurology is not a legitimate reason to reject her opinion regarding claimant's physical and mental impairments.  <u>Lester</u>, 81 F.3d at 833 (rejecting the ALJ's conclusion that the claimant's treating physician's opinion regarding his mental functioning could be disregarded, because the treating physician was not a mental health specialist, and noting that the "treating physician's opinion as to the combined impact of the claimant's limitations -- both physical and mental -- is entitled to special weight").

While the Commissioner presents additional reasons for rejecting the opinion of Dr. Bacon in the Joint Stipulation, those reasons were not previously provided by the ALJ or the Appeals Council and, thus, cannot be reviewed by the Court.

[8]     Although not directly stated by the ALJ, the Court infers this reason based on the ALJ's statement that Dr. Bacon's "physical examinations of [plaintiff showed] only a limited range of motion of the left shoulder with mild swelling."  (A.R. 18.)

Bacon's findings -- the ALJ's reasoning cannot be found to be supported by substantial evidence.  In fact, upon consideration of the additional evidence, the ALJ may change his decision to afford less weight to the opinion of Dr. Bacon and controlling weight to the opinion of Dr. Ahmed, plaintiff's other treating physician.[9]

Accordingly, it appears that the additional materials submitted to the Appeals Council may affect the ultimate disability determination, and therefore, remand is appropriate.  Lay v. Astrue, 373 Fed. Appx. 804, 805 (9th Cir. 2010)(finding that the Court was constrained to reverse and remand when additional materials submitted to the Appeals Council "might well affect the disability determination").

**III.  On Remand, Dr. Bacon's July 17, 2009 Letter and Questionnaire Need To Be Considered.**

Based on the foregoing, there are several matters that the ALJ needs to review and reconsider on remand.  With respect to plaintiff's first and second claims -- to wit, that the ALJ failed to consider properly the opinions of Drs. Bacon and Ahmed -- the ALJ needs to evaluate the additional materials from Dr. Bacon to determine what impact, if any, they have on the weight he gives to the various medical opinions and on his ultimate disability determination.  Further, should the ALJ reject Dr. Bacon's opinion, the ALJ shall give appropriate

---

[9]    In fact, the information contained in the Letter and Questionnaire may impact the ALJ's assessment of plaintiff's credibility, because Dr. Bacon found that plaintiff's symptoms and functional limitations are "reasonably consistent" with plaintiff's impairments.  (A.R. 300.)

reasons for so doing that are supported by substantial evidence of record.  With respect to plaintiff's third and fourth claims –– *to wit*, the ALJ's committed error in assessing plaintiff's RFC and determining that plaintiff could perform "other work" –– the ALJ needs to revisit these issues once he has resolved the aforementioned matter(s) and considered plaintiff's testimony properly.  Accordingly, the Court does not reach plaintiff's remaining claims.

**IV.   Remand Is Required.**

     The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  Harman, 211 F.3d at 1175-78.  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.* at 1179-81.

     Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors and consider the additional evidence from Dr. Bacon.  *See*, *e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful; Harman, 211

F.3d at 1180 (remand for further proceedings when ALJ did not have the opportunity to consider critical portions of additional evidence presented to the Appeals Council); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record). On remand, the ALJ must either credit plaintiff's testimony or give clear and convincing reasons why plaintiff's testimony is not credible.[10] The ALJ also needs to revisit and reconsider the various medical opinions in view of the additional materials submitted by Dr. Bacon. After so doing, the ALJ may need to reassess plaintiff's RFC, in which case, testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[10]     In so doing, the ALJ should consider Dr. Bacon's Letter and Questionnaire to determine what impact, if any, it has on his assessment of plaintiff's credibility.

17

**CONCLUSION**

Accordingly, for the reasons stated above IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 9, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

18